IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARK RILEY,

       Plaintiff,

v.                                 Civil Action No. 5:11CV115
                                            (STAMP)

RANDY SHERVES,

       Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND DISMISSING CIVIL ACTION**

I.  Procedural History

The plaintiff filed this civil action in this Court on August 19, 2011.  On August 30, 2011, he filed a motion to proceed in forma pauperis[1] ("IFP"), which James E. Seibert, United States Magistrate Judge, granted on September 12, 2011.  Magistrate Judge Seibert, in his order granting the plaintiff's motion to proceed IFP, indicated that based upon the information contained in the plaintiff's trust account report, the plaintiff was required to pay a partial filing fee of $14.20 within twenty-eight days of the entry of that order.  The magistrate judge's order granting the plaintiff IFP status also informed the plaintiff that his failure to timely pay the partial filing fee delineated in that order would result in the dismissal of this action without prejudice.  On September 16, 2011, the plaintiff requested an extension of the

---

[1]In forma pauperis refers to the filing status as a "pauper," or "indigent who is permitted to disregard filing fees and court costs."  Black's Law Dictionary 849 (9th ed. 2009).

deadline by which he could file his partial filing fee.  Magistrate Judge Seibert also granted this motion, and extended the deadline by which the plaintiff was required to pay the partial filing fee of $14.20 to October 21, 2011.

On November 4, 2011, Magistrate Judge Seibert entered a report and recommendation recommending that this case be dismissed because the plaintiff had failed to pay the initial filing fee by the date specified in the order granting an extension, and that the plaintiff had also failed to request a further extension of that deadline.  The magistrate judge informed the plaintiff he was required to file any objections to the report and recommendation recommending dismissal of this civil action within fourteen days of the entry of the report and recommendation.  The plaintiff did not file objections.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  Because no objections were filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).

## III.  Discussion

This Court has reviewed the record in this case, as well as Magistrate Judge Seibert's report and recommendation.  This Court has confirmed that the plaintiff failed to pay the partial filing

fee by the deadline delineated and previously extended by the magistrate judge, and further failed to request any additional extensions of that deadline. This Court also finds that the plaintiff was adequately informed that dismissal of this case without prejudice would result from a failure to pay the partial filing fee by the deadline indicated by the magistrate judge. Accordingly, this Court finds that the magistrate judge's recommendation of dismissal was not clear error.

## IV. Conclusion

For the reasons described above, the report and recommendation of the magistrate judge is AFFIRMED and ADOPTED in its entirety. Accordingly, this civil action is DISMISSED WITHOUT PREJUDICE. It is ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the plaintiff has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se plaintiff by certified mail and to counsel of record herein.

Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

     DATED:    November 9, 2012

 

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE